**Harriet MORESH, Plaintiff,**

v.

**Leroy B. McMONAGLE et al.,
Defendants.**

**No. 71 Civ. 4374.**

United States District Court,
S. D. New York.

Nov. 13, 1974.

Weisman, Celler, Spett, Modlin & Wertheimer, New York City, for plaintiff; Lawrence G. Soicher, New York City, of counsel.

Karow & Hagendorf, New York City, for defendants H. F. Hoppe, Jr., and Hoppe, McMonagle Co.; Joseph Karow, New York City, of counsel.

Leroy B. McMonagle, pro se.

EDWARD WEINFELD, District Judge (orally):

Essentially, this case turns on the issue of credibility, as counsel for both sides noted in the course of their remarks here.

In substance, plaintiff's claim is that she invested $40,000 in a limited partnership, Boyd Associates, organized by the defendants, upon their representation that they had twelve other investors who already had invested in or contributed capital of $50,000 each to the partnership so that the total capital of the partnership was $600,000, excluding her own investment. Plaintiff testified to this effect.

She also testified that other statements were made by the defendants, including that her money would be doubled in two to two and a half years and that this was a conservative estimate; that she could have her money back at any time; and further, when she sought the return of her capital, the defendants assured her that the limited partnership was doing well and making money; and finally she charges the defendants with failure to disclose that it would be the policy of the defendants, the managers of the fund, to invest in speculative over-the-counter stock of small companies which were thinly capitalized.

The evidence establishes that the partnership had six additional partners and, with plaintiff's investment, a total capital of only $190,000, each of the other partners having invested $25,000 as his capital contribution. The defendants themselves made no capital contribution to Boyd Associates, but were the general managing partners.

The defendants denied they made the representations testified to by the plaintiff. In substance, the defendant McMonagle, who was the principal contact with the plaintiff and who had been her stock broker for four years preceding the formation of the partnership, told her that he did not know how many investors there would be in the partnership. He further denied he had ever told plaintiff that the partnership had twelve investors; that any investor put in $50,000 or that she would double her money in two and a half years. McMonagle also testified that he informed plaintiff that the partnership would deal in thinly capitalized companies. The defendant Hoppe testified to like effect, denying the substance of plaintiff's testimony.

Plaintiff, a housewife prior to and at the events centering about this action, had been a market investor on a fairly regular basis. Her purchases in the four-year period preceding the events in question were handled by the defendant McMonagle, who was a broker's representative. Boyd Associates was organized soon after McMonagle, who I have already said was the principal contact with the plaintiff, had left the stock brokerage firm by whom he had been employed. By his own acknowledgment, he is an experienced market analyst who wrote a weekly market letter.

Upon this record there can be no doubt that plaintiff relied upon McMonagle's judgment and experience; also, that she had great confidence in him as evidenced by the fact that she made a $5,000 personal loan to him.

The defendant Hoppe, a close friend of McMonagle prior to the formation of the partnership, had been an assistant vice president of a bank. He, too, was of considerable experience in the financial world and was represented by McMonagle as a person who had managed investments.

While it is true, as counsel for the defendant has argued, that the plaintiff has had some experience in trading in the market and she believes she is a

knowledgeable and sophisticated person in the affairs of the financial world, in fact, as her testimony revealed, she is rather naive and gullible. In any event, as to the transactions of this litigation, she trusted and relied principally upon McMonagle and to a lesser degree, Hoppe.

 Upon all the evidence and based upon the demeanor of the witnesses, I find the defendants on one or more occasions, before plaintiff advanced $40,000 for her limited partnership interest in Boyd Associates, stated to her that there were twelve other members in Boyd Associates, each of whom had contributed as his capital $50,000. This was a material misrepresentation, certainly one an investor would attach importance to in determining his choice of action in the transaction.[1]

I also find when plaintiff demanded the return of her investment, defendant stated, in an effort to persuade her to continue her investment in the limited partnership, that it was doing well financially. This is contrary to the fact; it was losing money.

Further, the defendants failed to disclose to the plaintiff their policy as managers of the limited partnership to deal in speculative over-the-counter stocks of thinly capitalized companies, a material omission since this was information of importance to a prospective investor. The omission is underscored by the fact that the individual defendants did not make any investment in the partnership and did not disclose to plaintiff that they had no investment interest therein.

Moreover, defendants told plaintiff that the partnership was to be a hedge fund and she was led to believe by such statements that the policy of the fund would be to engage in transactions of a conservative, rather than a speculative nature. Plaintiff has sustained her burden of proof and is entitled to judgment in her favor in the sum of $16,132.68.

The foregoing shall constitute the Court's Findings of Fact and Conclusions of Law. Either party may propose additional findings of fact and conclusions of law consistent with the foregoing upon notice to the opposing side no later than December 2, 1974.

---

1. List v. Fashion Park, 340 F.2d 457, 462 (2d Cir.), cert. denied sub nom. List v. Lerner, 382 U.S. 811, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965).